NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE USA TECHNOLOGIES, INC. SECURITIES LITIGATION | Civil Action No.: 18-13759<br><br>**OPINION** |

**CECCHI, District Judge.**

Before the Court is the motion of Defendant USA Technologies, Inc. ("USAT") and Stephen P. Herbert ("Herbert", together with USAT, the "Moving Defendants") to transfer venue to the Eastern District of Pennsylvania. (ECF No. 34). Lead Plaintiff Pinkesh Nahar ("Plaintiff") opposes the motion. (ECF No. 38). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth herein, Moving Defendants' motion is hereby **GRANTED**.

## I. BACKGROUND

This case arises out of allegations that the Moving Defendants and Priyanka Singh ("Singh") (collectively, the "Defendants") made false and misleading statements in connection with USAT's annual and quarterly financial reports. (Compl. ¶¶ 15-22). USAT is a Pennsylvania corporation that provides cashless transactions and other services in the United States and internationally. (Compl. ¶ 7). Defendant Herbert is the current Chief Executive Officer of USAT, and Defendant Singh was the Company's Chief Financial Officer but has since resigned. (*Id.* ¶ 8; ECF No. 38).

---

[1] The Court considers any new arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

Plaintiff alleges that Defendants misrepresented financial reports and falsely signed certificates pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") attesting to the accuracy of those financial reports. (Compl. ¶¶ 16-22). Plaintiffs Stéphane Gouet, David Gray, and Anthony Phillips (collectively, the "Named Plaintiffs"), filed separate securities class actions which have been consolidated with this matter. Pinkesh Nahar has been appointed as lead Plaintiff of the class and The Rosen Law Firm, P.A. has been appointed as lead counsel. (ECF No. 23). Plaintiff is a sophisticated investor who purchased USAT securities during the class period and suffered a loss of $1,996,108.28. (ECF No. 8-2 at 4). Plaintiff contends that as a result of Defendants' acts and omissions, Plaintiff and other class members suffered significant losses and damages. (Compl. ¶ 25).

The Moving Defendants filed a motion to transfer venue to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (ECF No. 34). Plaintiff opposed the motion. (ECF No. 38). Thereafter, the Moving Defendants submitted a reply in support of transfer. (ECF No. 40).

## II. DISCUSSION

### A. 28 U.S.C. § 1404(a)

In their motion, Moving Defendants assert that a more appropriate forum for this action is the Eastern District of Pennsylvania and that this case should be transferred there under 28 U.S.C. §1404(a). (ECF No. 34). Plaintiff counters that Moving Defendants have failed to meet their burden of establishing that transfer is appropriate. (ECF No. 38). For the reasons set forth below, Moving Defendants' motion to transfer this action to the Eastern District of Pennsylvania is granted.

"Section 1404(a) permits a court to transfer a federal action from one federal district to

another '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996) (citing 28 U.S.C. § 1404(a)). The transferee court must be one in which the case might have been brought. *Id.* Accordingly, as a threshold matter, this Court must determine whether the Eastern District of Pennsylvania is a proper venue. Venue is governed in this action by "Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b)." (Compl. ¶ 4.) Under both statutes, venue is proper where a substantial part of the activity giving rise to the claim occurred. *See Job Haines Home for the Aged*, 936 F. Supp. at 229 (citing 15 U.S.C. § 78(aa)(a)) ("It is clear from this statute that the defendants must have some connection with plaintiff's choice of forum: the defendant's alleged wrongful act must have occurred there; the defendant must be found there; the defendant must reside there; or the defendant must do business there."); 28 U.S.C. § 1391(b) ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

Here, Herbert and Singh operated out of USAT's corporate headquarters in the Eastern District of Pennsylvania. (Herbert Decl. ¶¶ 3-4). USAT's SEC filings which are the crux of this claim were prepared by "USAT employees in its headquarters in Malvern, Pennsylvania and USAT's counsel based in Philadelphia," and both cities are located within the Eastern District of Pennsylvania (*Id.* ¶¶ 2, 6). The alleged wrongdoing also occurred in the Eastern District of Pennsylvania. (*Id.* ¶ 9). The test to determine where an event or omission arose focuses on "the location of those events or omissions giving rise to the claim." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). In stock fraud cases, claims arise in the state in which the alleged fraudulent statements were made. *Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*, No. 13-5805, 2014 WL 3748214, at *6 (D.N.J. July 29, 2014). Applying this logic

3

to the case at bar, Plaintiff's claims arose in Pennsylvania because the SEC filings containing the alleged misstatements were prepared there. Thus, the Eastern District of Pennsylvania is a proper venue for this matter under Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).

Having determined that venue would be proper in the Eastern District of Pennsylvania, the Court now addresses whether transfer is convenient for the parties and in the interests of justice. In *Jumara v. State Farm Ins. Co.*, the Third Circuit articulated "private" and "public" interests to consider in making a §1404(a) determination. 55 F.3d 873, 879 (3d Cir. 1995). The onus is on the movant to establish the need for transfer. *Id.* at 879-80. Therefore, Moving Defendants have the burden of showing that transfer is appropriate.

### 1. The Private Interest Factors

The private interest factors are:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879. (internal citations omitted). Here, the majority of the private interest factors favor transfer. We begin by analyzing the factors that point towards transfer.

First, the claim arose in the Eastern District of Pennsylvania signifying that transfer is appropriate. "[W]here the claims arose, is the most critical to the Court's analysis. The inquiry turns on 'which forum contains the center of gravity of the dispute, its events, and transactions.'" *Metro. Life Ins. Co. v. Bank One, N.A.*, No. 03-1882, 2012 WL 4464026, at *6 (D.N.J. Sept. 25, 2012). As discussed above, stock fraud claims arise in the state in which the fraudulent statements were made. *See also Franklin U.S. Rising Dividends Fund*, 2014 WL 3748214, at *6.

4

The SEC filings were prepared in Pennsylvania by USAT's Pennsylvania counsel. ECF (No. 34-2 at 6). "When examining claims for misrepresentation on a motion to transfer venue, 'misrepresentations and omissions are deemed to occur in the district where they were transmitted or withheld, not where they are received.'" *Metro. Life Ins. Co.*, 2012 WL 4464026, at *6 (citation omitted). In addition, given that USAT is located in Pennsylvania and the other defendants worked out of USAT's Pennsylvania office where they allegedly made these misrepresentations, Pennsylvania is the center of gravity of the dispute as well. As such, the cause of action arose in Pennsylvania and this factor points to transfer.

The Moving Defendants' choice also weighs toward transfer as they seek to transfer this matter to the Eastern District of Pennsylvania and have supplied a variety of reasons to do so. Plaintiff points out that "[d]efendant's preference is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). While the Court agrees, this factor still weighs toward transfer.

The next private interest factor is the convenience of the parties based on their presence. *Jumara*, 55 F.3d at 879. For the Moving Defendants,[2] it appears that Pennsylvania would be more convenient. USAT is headquartered at 100 Deerfield Lane, Suite 300, Malvern, PA 19355 which is within the Eastern District of Pennsylvania, and Herbert and Singh worked from USAT's corporate office. (Herbert Decl. ¶¶ 2, 3-4). While Singh resides in New Jersey, (ECF No. 34-2 at 5 n.3), this fact is not controlling. *See Yang v. Odom*, 409 F. Supp. 2d 599, 607 (D.N.J. 2006). Neither Plaintiff nor any of the Named Plaintiffs reside in New Jersey – Plaintiff resides in

---

[2] It is not readily apparent if Herbert resides in Pennsylvania, but he works and maintains an office in USAT's corporate headquarters. (Herbert Decl. ¶ 3).

5

Singapore and the Named Plaintiffs reside in France, Kentucky and California. (ECF No. 34-2 at 5 n.2). This factor points toward granting Moving Defendants' motion to transfer to the Eastern District of Pennsylvania.

Next, the convenience of the witnesses should be considered when determining whether venue should be transferred. *Jumara*, 55 F.3d at 879. Given that many witnesses will likely be employees who work from USAT's Pennsylvania headquarters and presumably live nearby, (Herbert Decl. ¶¶ 2-4, 8), this factor weighs in favor of transfer. *Yang*, 409 F. Supp. 2d at 607 (D.N.J. 2006) (finding that the Northern District of Georgia would be a more convenient forum for most of the potential witnesses who lived in Georgia and this weighed in support of transfer). Plaintiff has not shown why witnesses may hail from New Jersey or why this forum is more convenient for witnesses.

The Court now turns to Plaintiff's choice of forum. While Plaintiff's choice of forum is normally given deference, this deference is lessened in certain circumstances, which are present here. Less deference is accorded to plaintiff's choice of forum when the forum state has a tenuous connection with the case and when no plaintiffs reside in the forum state. *See Job Haines Home for the Aged*, 936 F. Supp. at 229; *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 609 (3d Cir. 1991)).

First, as discussed above, New Jersey has little to do with the facts or parties of this case. Defendants Herbert and Singh operated out of USAT headquarters in Pennsylvania during the events in question, (Herbert Decl. ¶¶ 3-4; ECF No. 34-2 at 5 n.3), the SEC filings were made and prepared in Pennsylvania, (ECF No. 34-2), potential witnesses will likely come from Pennsylvania, (Herbert Decl. ¶¶ 2-4, 8), and any paper evidence is likely kept in the corporate headquarters in Pennsylvania. (*Id.* ¶ 5). Plaintiff has not demonstrated that the District of New

6

Jersey has any connection to the case other than the location of Plaintiff's counsel. However, "[t]he convenience of counsel is not a factor to be considered." *See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973).

Second, neither the Plaintiff nor any of the Named Plaintiffs reside in New Jersey. "[A] foreign plaintiff's choice may deserve less deference because it may be less reasonable to assume that a venue which is not the plaintiff's home forum is convenient." *Lony*, 935 F.2d at 609; *Kim v. BMW of N. Am., LLC*, No. 12-02917, 2013 WL 655198, at *4 (D.N.J. Feb. 20, 2013) ("[D]eference to a plaintiff's choice of forum is curbed where the plaintiff has not chosen his or her home forum."). As these considerations considerably mitigate the weight afforded to the plaintiff's choice of forum, the Court is not swayed by this factor.

Finally, the Court considers the location of books and records. Here, Moving Defendants have asserted that the "relevant documentary evidence relating to the alleged misrepresentations is located at the company headquarters." (ECF No. 34-2 at 7). Although Plaintiff points out this factor may be minimized by "[r]ecent technological advances" and the potential production of records in an alternative forum, most of the relevant evidence is likely in the Eastern District of Pennsylvania, and thus this factor weighs in favor of transfer. *See Zazzali v. Swenson*, 852 F. Supp. 2d 438, 451 (D. Del. 2012); *Jumara*, 55 F.3d at 879.

Almost all of the private interest factors – where the claim arose; defendants' forum preference; convenience of the parties; the convenience of the witnesses; and the location of books and records – weigh toward transfer. *Jumara*, 55 F.3d at 879. Although a plaintiff's choice of forum factor is normally given deference, that factor's importance is lessened here as this forum appears to have a tenuous connection to the claim and none of the plaintiffs in this case reside in the forum. *Yang*, 409 F. Supp. 2d at 606 (D.N.J. 2006).

7

## 2. The Public Interest Factors

The public interest factors are:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted). Here, the relevant factors support transfer.

The first public interest factor is the enforceability of the judgment. *Id.* at 879. This claim arises under federal securities laws so there is no distinction in enforceability of the judgment between the Eastern District of Pennsylvania and this forum. *See Zazzali*, 852 F. Supp. 2d at 452.

Next, the Court considers the practical considerations that could make the trial easy, expeditious, or inexpensive. *Jumara*, 55 F.3d at 879. As most potential witnesses and at least two defendants are likely to come from the Eastern District of Pennsylvania, (ECF No. 34-2), holding the trial there may make the trial easier, more expeditious, and less expensive.

The local interest in deciding local controversies at home also supports transfer. *Jumara*, 55 F.3d at 879. Pennsylvania has a greater interest in this case than New Jersey as the alleged misrepresentations were made in Pennsylvania by a Pennsylvania company. Pennsylvania courts are particularly suited to addressing these claims because Pennsylvania is the center of gravity and Pennsylvania has a strong interest in regulating activity within its borders. *Metro. Life Ins. Co.*, 2012 WL 4464026, at *8 (finding that New York was the center of gravity for plaintiffs' claims and that New York had a "compelling interest in adjudicating the controversy and regulating the conduct of its corporations and the activities of corporate officers working for corporations which conduct business in that state"); *HAB Carriers, Inc. v. Arrow Truck Sales, Inc.*, No. 07–4390, 2009 WL 2589108, at *4 (D.N.J. Aug. 21, 2009) ("A state has a compelling

8

interest in regulating its businesses or in litigating matters that arise from action occurring within its jurisdiction.").

On balance, the Court finds that the vast majority of the private and public factors weigh toward transfer to the Eastern District of Pennsylvania.

## III. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Moving Defendants' motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania. An appropriate Order accompanies this Opinion.

DATED: September 30, 2019

CLAIRE C. CECCHI, U.S.D.J.